Wiley *v.* The State.

---

## WILEY *v.* THE STATE.

CRIMINAL LAW. — *Concealed Weapon.* — *Evidence.* — *Negative Averment.* — Under an indictment charging the defendant with carrying a concealed weapon, he not being a traveller, it is not incumbent on the State to prove such negative, the affirmative being matter of defence.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BUSKIRK, J.—The appellant was convicted in the court below for carrying a concealed weapon.

The court, over a motion for a new trial, rendered judgment on the verdict. This ruling of the court is assigned for error.

It is, in the first place, contended that the verdict is not sustained by sufficient evidence, and the defect pointed out is this: that there was no evidence as to whether the appellant was or was not a traveller. The indictment alleged that he was not a traveller. If the burden of proof on this

point is upon the State, then there was a failure of proof, and the judgment must be reversed. If, on the other hand, it was a matter of defence, and the appellant failed to make the proof, he is in no condition to complain of his own omission. In 1 Wharton Crim. Law, sec. 614, the following language is used:

"Where, in a statute, an exception or proviso qualifies the description of the offence, the general rule is, as has been seen, that the indictment should negative the exception or proviso. In such cases, when the subject of the exception relates to the defendant personally, or is peculiarly within his knowledge, the negative is not to be proved by the prosecutor, but, on the contrary, the affirmative must be proved by the defendant, as matter of defence; but, on the other hand, if the subject of the averment do not relate personally to the defendant, or be not peculiarly within his knowledge, but either relate personally to the prosecutor, or be peculiarly within his knowledge, or at least be as much within his knowledge as within the knowledge of the defendant, the prosecutor must prove the negative. Thus it is incumbent on the defendant, in an indictment for selling liquor by the small, to prove he is licensed. So, informations upon the game laws must negative the defendant's qualifications to kill game; but this negative need not be proved upon the part of the prosecution; on the contrary, the defendant must prove the affirmative of it as matter of defence. So, informations for selling ale without a license must negative the existence of a license, but the informer need not prove the negative. And the defendant, in an indictment for trading as a hawker and pedler without a license, must prove that he has a license."

Bishop on Statutory Crimes, in section 1051, says:

"We have seen something of the necessity and nature of the averment, that the defendant was not authorized to make the sale. But must this negative averment, when made, be established by affirmative evidence on behalf of the prosecution? If we look at the question as one of principle, we

perceive, that, seeing it is a part of the case presented by the prosecuting power against the defendant, it must be established, like every other part, before the defendant can be called upon to meet the charge by his counter proofs. But, in the law of evidence, not everything which a party must prove is required to be established by the testimony of witnesses. Some things are proved, *prima facie*, or even conclusively, by a presumption. One of the leading presumptions in our law is, that what is common in general belongs also to the particular; this is a *prima facie* presumption, and the party who would resist its force must show, that, in the particular instance, the fact is otherwise. Thus, while slavery existed in a part of our states, and most of those persons who had the African features and color were slaves, every negro was presumed to be a slave, and one who would take the benefit of an exception in the particular instance must prove it. But in a free state, where the fact was not generally so, yet a person might be a slave by reason of his having escaped from his master in a slave state, the presumption was reversed to accord with the general fact. In like manner, as the mass of mankind are sane, each individual man is presumed to be so, in accordance with the general fact; therefore an allegation of sanity is not to be proved otherwise than by the presumption; and he who would rely on the contrary, as pertaining to the particular instance, must show it in evidence. From this it follows, that, if the law forbids the mass of the community to sell intoxicating liquor, but grants license to some particular individuals to sell it, then, if some one person is indicted for making an unlicensed sale, the presumption that what is common in general belongs likewise to the particular stands as *prima facie* proof, and the defendant, if he has a license, must show it. This conclusion of legal reasoning is aided by the further consideration, that, since the averment is a mere negative one, and, if it is not true, the defendant has in his own possession the evidence to show the truth, the orderly and convenient administration of justice is promoted, while no

harm is done to the individual, by casting the burden on him."

We think the exception relates to the appellant personally and is particularly within his knowledge. Besides, a majority of persons are not travellers. The presumption was, that the appellant was not a traveller, and if he desired to take himself out of the operation of the general rule, it was incumbent upon him to make the proof. We think the burden of proof was upon the appellant, and hence he can not rely upon a failure of proof.

We have read the evidence, and think it supports the verdict.

The judgment is affirmed, with costs.