RIDENOUR v. THE STATE.

CRIMINAL LAW,—*Carrying Concealed Weapon.* On the trial of a defendant charged with carrying a concealed deadly weapon, the concealment alleged is a material fact, and, unless proved, a conviction can not be sustained.

SAME.—*Immaterial Matters.*—*Intention.*—It is inmaterial whether or not a pistol, charged to have been carried by the defendant concealed, was loaded, and as to what his intention was in carrying it.

From the Union Circuit Court.

*J. Yaryan* and *J. W. Conaway*, for appellant.

*T. W. Woollen*, Attorney General, and *B. Burke*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution for carrying a concealed weapon. The indictment charged, that on the 10th day of February, 1878, at the county of Union, " one Jacob Ridenour did then and there carry, concealed upon his person, a certain dangerous and deadly weapon, to wit, a pistol, commonly known as a revolver, the said Jacob Ridenour not then and there being a traveller."

The cause was tried by the court without a jury. There was a finding of guilty, and judgment accordingly.

On the trial, William Shera testified as a witness on behalf of the State as follows:

"One day last fall, and within the last two years, the defendant came into his store at College Corner, in Union county Indiana, and handed him a revolver, and asked him to load it. Witness loaded the revolver, and handed it back to the defendant, and defendant then left the store. The defendant had the revolver in his hand, the first witness saw of it; don't know what defendant did with the revolver after witness handed it back, as he was attending to customers; defendant was an acting constable at College Corner at the time; witness heard defendant say, before he left the store, he had an arrest to make the next day."

This was all the evidence given in the cause.

By a motion for a new trial, the defendant raised the question of the sufficiency of the evidence to sustain the finding, and that is the only question presented for our consideration here.

The evidence, we think, did not tend to prove that the defendant had, at any time, carried the pistol, referred to by the witness, concealed upon his person, as charged in the indictment. There was nothing in the evidence, therefore, which raised any presumption of guilt against the defendant, and consequently nothing which put him upon his defence regarding his possession of the pistol. *Wiley v. The State*, 52 Ind. 516. Whether the pistol was loaded, and what the defendant's intentions were in having the pistol in his possession, were both immaterial questions in the cause. *The State v. Duzan*, 6 Blackf. 31; *Walls v. The State*, 7 Blackf. 572.

The evidence presents a case of a total failure in the proof to make out an essential and controlling element in the offence charged in the indictment, that is to say, the concealment of the pistol.

It follows necessarily, that the court below erred in refusing to grant a new trial, as prayed for by the defendant.

The judgment is reversed, and the cause remanded for a new trial.