THE STATE OF MISSOURI, Respondent, v. J. M. HALE, Appellant.

### Kansas City Court of Appeals, April 5, 1897.

Criminal Law: CONCEALED WEAPONS: BURDEN OF PROOF. In a prosecution for carrying concealed weapons the burden of proof is on the state to show that the weapon was concealed, otherwise no case is made.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED.

*Ardey Gabbert, C. H. Hillix*, and *J. W. Coots* for appellant.

(1)   There was an entire failure of proof.   Evidence in a criminal case which merely causes a suspicion of guilt is not sufficient to sustain a conviction. *State v. Ballard*, 104 Mo. 634.   There was no evidence offered after the close of the state's evidence in chief that tended to strengthen the evidence as to the concealment of the pistol carried by defendant.   *State v. Anderson*, 81 Mo. 78.   (2)   Where there is a failure of evidence, or it is so weak that the necessary inference is that the jury acted from passion, prejudice, or partiality, appellate courts will not hesitate to set aside the verdict. *State v. Ballard*, 104 Mo. 634; *State v. Primm*, 98 Mo. 368, and cases therein cited; *State v. Norman*, 44 Mo. App. 306; *State v. Marshall*, 47 Mo. 378; *State v. Mansfield*, 41 Mo. 470; *State ex rel. v. Durant*, 53 Mo. App. 493.

*James W. Coburn* and *Francis M. Wilson* for respondent.

(1)   The court will only interfere with the verdict of the jury and the judgment of the trial court upon the ground that the verdict is not supported and authorized by the evidence, where there is total failure of proof.   *State v. Richardson*, 117 Mo. 586; *State v. Maxley*, 115 Mo. 644; *State v. Herman*, 117 Mo. 629; *State v. Banks*, 118 Mo. 117; *State v. Burd*, 115 Mo. 405; *State v. Jackson*, 106 Mo. 181; *State v. Orrick*, 106 Mo. 111; *State v. Howell*, 100 Mo. 628; *State v. Hammond*, 77 Mo. 158.   This court is not triers of fact.   (2) The verdict was not the result of prejudice or passion on the part of the jury.

State v. Hale.

SMITH, P. J.—The defendant was indicted, tried, and convicted for a violation of section 3502, Revised Statutes.

The defendant contends that there was no evidence adduced to justify his conviction. The rule in such cases is that there must have been a concealment, and this must be proved by the state. 2 Whar-ton's Criminal Law, sec. 1557; *Ridentur v. State*, 65 Ind. 411; *Smith v. State*, 69 Ind. 140. The evidence presented by the record discloses that the defendant and one Jones, both merchants residing in the village of New Market in this state, had, prior to the time of the commission by defendant of the alleged offense, been in the habit of passing their evenings by shooting at a target with their pistols in the back room of the latter's store. On the evening of the commission of the alleged offense, the defendant went into the store of said Jones and exhibited his pistol to said Jones and several other young men who were there assembled. It further appears that he very highly praised the pistol thus exhibited, and thereupon said Jones exhibited his pistol and told of its excellent qualities.

CRIMINAL law: concealed weapons: burden of proof.

Some of the witnesses testified that they did not see the weapon until the defendant called their attention to it by his remarks, while others testified that he had it in his hand when he entered the said store. The parties who were present were all friends. The evidence does not, in our opinion, tend to prove the defendant had the weapon concealed upon his person as charged in the indictment. Nor was there anything in such evidence which raised the presumption of guilt against the defendant, and consequently there was nothing to put him upon his defense regarding the

possession of the pistol. The evidence presents a case of a total failure to make out an essential and controlling element in the offense charged in the indictment; that is to say, the concealment of the pistol.

The instruction in the nature of a demurrer to the evidence should have been given, and for the error in the trial court in refusing the same, the judgment must be reversed and the defendant discharged. All concur.