COOKE *vs.* CURTIS, *et al.* Lessee.

APPEAL from *Baltimore* county court. Ejectment for a tract of land called *Burman's Forest.* The general issue was pleaded; and at the trial the defendant (now appellant,) offered to read, and did read in evidence to the jury, the following affidavit, having first proved the deponent's death, and the same having been taken at the time it bears date, and having been agreed to be read in evidence in case the deponent should die, viz. "State of *Maryland. Baltimore county,* sc. On this 17th day of July 1819, before the subscriber a justice of the peace in and for the county aforesaid, comes Dr. *Richard S. Kingsmore,* of *Baltimore* county, and makes oath on the Holy Evangely of Almighty God, that in the year 1809 or 1810, or thereabouts, he delivered *Rebecca Cooke,* wife of *William Cooke,* of *Patapsco Neck,* of a female child, that the child was born alive, that he assisted in the dressing it, and left it alive in five or six hours after its birth, that the child had arrived at maturity, and gave as satisfactory and full evidence of life as any child could give; that the child had been injured in the attempts to bring it into the world before he arrived, and he supposes these injuries produced its death after he went away. Sworn to before

*John F. Larris,* Justice of Peace, *Balto.* Cy."

The plaintiff then offered to prove, by several competent witnesses, that the child to whose birth the said deposition refers, was not born alive as stated in the said deposition, but dead; and that the deponent, Dr. *Kingsmore,* was not present at the birth of any of the children of the Mrs. *Cooke* mentioned in the said deposition. The defendant then, to corroborate the testimony of the said deponent, offered to prove by a good and competent witness, that said *Kingsmore,* two or three days after the birth of the child mentioned in the deposition, and before the date of the deposition, did declare the same facts stated as he had deposed to. Which testimony the court [Johnson and *Ward,* A. J.] refused to let go to the jury, the court being divided in opinion; the defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE, MARTIN, DORSEY, and STEPHEN, J.

If a witness swears that he was present at the birth of a child, and the opposite party proves that he was not present, such proof is substantially to defeat the credit of the witness, and his testimony may be corroborated by proof of his prior declarations

1823.

Ratrie
vs
Wheeler

*R. Johnson*, for the appellant, referred to 1 *Lofft's Gilb.* 279. 2 *Bac. Ab.* tit. *Evidence*, (K) 663, and 2 *Esp. Dig.* 519.

No counsel appeared for the appellee.

The opinion of the court was delivered by

BUCHANAN, J. We can perceive no good reason why the evidence offered and rejected should not have been received in corroboration of what was sworn to in the deposition of Doctor *Kingsmore*, a sufficient foundation for that corroborating testimony being laid by the plaintiff, in offering evidence that *Kingsmore* was not present at the birth of any of Mrs. *Cooke's* children, which was substantially to impeach his credibility. And where the credibility of a witness is attacked by the opposite party, his prior declarations may be given in evidence to show his consistency. We think, therefore, that the court below erred in not suffering the evidence offered in this case in support of the testimony of *Kingsmore*, as contained in the deposition, to go to the jury.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.