ELIZABETH STOCKSDALE, Widow, GEO. L. STOCKS-
DALE, and others, *vs.* AARON W. CULLISON, ISAAC
MORFORD and Wife, and others.

*Practice — Trial of Issues on a Caveat to a will —
Inadmissible Evidence.*

Upon the trial of issues transmitted from an Orphans' Court, on a *caveat*
to a will, the caveators have the right to open and conclude the argu-
ment before the jury.

Upon the trial of issues on a *caveat* to a paper purporting to be the last
will of S, testimony having been given by the caveators implicating G,
one of the caveatees, (a son of the alleged testator, and named as his
executor,) in the *forgery of the signatures* of the testator and of the sub-
scribing witnesses, the caveatees could not for the purpose of repelling
the inference of the agency of G in procuring such forgeries, give in
evidence his declarations made on the day before the funeral of the
deceased, in reply to the question, " whether there was a will of his
father's in existence ? " nor the declarations of the family that they be-
lieved that the deceased had died intestate.

Upon the trial of issues transmitted from an Orphans' Court, on a *caveat*
to a paper purporting to be the last will of S, the caveators having given
evidence tending to prove that the signatures of the attesting witnesses
were forged, the caveatees gave evidence to show the genuineness of said
signatures and of the death of the subscribing witnesses, and then offered
to prove that one of said witnesses, a short time before he was taken
with his last illness, said " old Mr. S has made a will now," and that
another of the attesting witnesses at the same time remarked "I wrote
a will once." HELD :

That the declarations, offered as acts of the deceased witnesses tending to
prove the genuineness of their signatures, were inadmissable, being too
vague and inconclusive to justify any inference from them.

APPEAL from the Circuit Court for Howard County.
The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART,
BOWIE, BRENT and ROBINSON, J.

*William M. Merrick,* for the appellants.

*Isaac E. Pearson* and *John E. Smith*, for the appellees.

BOWIE, J., delivered the opinion of the Court.

This cause originated in a *caveat* filed by the appellants, in the Orphans' Court of Carroll county, at April Term, 1868, against an instrument previously admitted to probat in common form in that Court, as the last will and testament of Aaron Stocksdale, deceased.

At the instance of the caveators, certain issues were directed by the Orphans' Court to the Circuit Court for Carroll county for trial.

Subsequently, upon the suggestion and affidavit of the counsel for the caveators, the record of the proceedings were by the Circuit Court for Carroll county ordered to be transmitted to the Circuit Court for Howard county. The issues submitted to the jury were substantially as follows:

1st. Whether the paper writing exhibited in the Orphans' Court of Carroll county, purporting to be the last will and testament of Aaron Stocksdale, late of said county, deceased, is false, fraudulent and forged, and not the true and proper last will and testament of said deceased?

2d. Whether or not the signature of said Aaron Stocksdale, as testator, to the said paper writing, purporting to be the last will and testament of said Aaron Stocksdale, is the true and proper handwriting and signature of said Aaron Stocksdale?

3d. Whether the signatures of Jacob A. Troyer, Reuben A. Troyer and Jacob Hiltybrand, as the subscribing witnesses to the said paper writing, purporting to be the last will and testament of the said Aaron Stocksdale, are the true and proper signatures of said Troyers and Hiltybrand?

The jury found for the caveators on all the issues.

Four bills of exception were taken by the appellants (the caveatees) at the trial below:

The first, to an order of the Court declaring that the right to open and conclude the argument of the cause, belonged to the caveators; the second, third and fourth to the rulings of

the Court, excluding certain declarations, statements and acts offered in evidence by the caveatees, hereinafter more particularly mentioned.

The case being submitted on the briefs of the counsel of the respective parties, and no reference being made by the appellants' counsel to the first exception, relating to the right of opening and concluding the argument before the jury, it may be assumed that the exception is abandoned; yet from abundant caution we may remark, the order of the Court below in that respect was in strict conformity with the practice in this State, and the decisions of this Court. *Brooke vs. Townshend*, 7 *Gill*, 24; *Higgins, et al. vs. Carlton & Scaggs*, 28 *Md.*, 143.

The caveators having offered evidence tending to prove the signatures of the supposed testator and the attesting witnesses were forged, the appellants, to maintain the issues on their part, offered evidence of the genuineness of said signatures, and of the death of the subscribing witnesses, and offered to prove that on the day before the funeral of Aaron Stocksdale, the witness inquired of the caveatee, George Stocksdale, whether there was a will of his father's in existence, and the reply of said George to the question; which question and answer the Court refused to allow to go to the jury, to which ruling the appellants excepted.

In addition to the evidence offered in the second exception, the caveatees offered to prove that on the day before the funeral of Aaron Stocksdale, while several of the children of the deceased, and the caveatee George were present, it was generally stated by the family of the deceased, that their belief was their father had left no will; which evidence the Court refused to permit to go to the jury, and the caveatees excepted, which constitutes the third exception.

In addition to the above testimony, the caveatees offered to prove that Reuben A. Troyer, one of the attesting witnesses, died about the 20th of January, 1861, and that a short time before he was taken with his last illness, he said to the wit-

ness, "old Mr. Stocksdale has made a will now," and, at the same time, Jacob A. Troyer, another of the attesting witnesses, remarked, "I wrote a will once," which declarations, or either of them, the Court refused to admit as evidence to the jury, and the appellants excepted.

On the part of the appellants it is insisted, that testimony having been given by the caveators implicating George Stocksdale, one of the caveatees, in the forgery of the signatures of the testator, and subscribing witnesses, the testimony offered in the second and third bills of exception was pertinent and proper to repel the inference of George Stocksdale's agency in procuring such forgeries, by his declarations and those of the family, that they believed Aaron Stocksdale had died intestate.

As to the 4th bill of exceptions, the appellants contend, the declarations of the deceased subscribing witnesses, were admissible in support of the other proof of the genuineness of their signatures.

The only authorities referred to, in support of the appellants' views, are the cases of *Cook vs. Curtis*, 6 *H. &. J.*, 93; *Washington Ins. Co. vs. Davison & Symington*, 30 *Md.*, 104.

It is an elementary rule of evidence, that the declarations of a party to the record, or of one identified in interest with him, are as *against* such party admissible in evidence. 1 *Greenleaf Ev.*, sec. 171. And the reverse of the proposition is equally well settled, that declarations of a party, not against his own interest, nor a part of the "*res gestæ*," are only admitted in exceptional cases.

Judged by the primary principles of law, the declarations of the caveatee (not being a fact to be proved) could not be given in evidence in his own favor, either to establish the genuineness of the instrument in question, or rebut the presumptions or inferences to be drawn from the evidence of the caveators.

We have departed from the common law maxim, "*nemo debet esse testis in sua propria causa*," by allowing all parties

in interest to be examined under the solemn obligations of an oath, and subject to the tests of cross-examination; yet, we have not gone to the extreme of admitting declarations in favor of the declarant, without the sanction of an oath or opportunity of cross-examination.

The caveatee, George Stocksdale, was not examined as a witness, as he might have been. He was not impeached by offering evidence contradicting his previous statements under oath, nor subjected to cross-examination. If his declarations had been admitted, they would have furnished no rational ground for repelling the imputations against him, because such declarations would be perfectly consistent with the concealment which always accompanies fraud.

In *Cook vs. Curtis* and *The Washington Ins. Co. vs. Davison,* the persons whose declarations were admitted had been previously examined as witnesses, and their credibility impeached, and it was only on that ground that their prior declarations of the facts they testified to, were admitted to corroborate their testimony.

The general rule is, that evidence that the witness has on other occasions made statements similar to what he testified in the cause is not admissible; unless where a design to misrepresent is charged upon the witness in consequence of his relation to the party or to the cause; in which case it seems it may be proper to show that he made a similar statement before that relation existed. 2 *Phil. Ev.,* 445–446; 1 *Greenl. Ev.,* sec. 469.

The declarations of the supposed subscribing witnesses, referred to in the fourth exception, are distinguishable from those in the second and third, in that the declarants were dead, and the genuineness of their signatures were the subject of inquiry upon one of the issues. These declarations were offered as acts of the deceased persons, tending to prove their signatures were genuine; if they had been offered in connection with other evidence, which pointed to the paper writing, the execution of which was in issue, perhaps they might have

been admissible as a circumstance; but in the form in which they were presented they were too vague and inconclusive for a rational mind to draw any inference from them, and were therefore in our opinion, properly rejected.

Perceiving no error in the rulings of the Court below on either of the exceptions, they are affirmed.

*Judgment affirmed.*

(Decided 14th March, 1872.)