Mr. Justice Merrick
delivered the opinion of the Court:
These two cases, touching the estate of the late Mrs. Weltha Emmons, were argued together and in some respects the cases are so connected that they -will be decided together.
The first is an application for the appointment of a receiver in chancery, pending a controversy'in the Orphan’s Court about the will and the administration under, or external to, the will of the late Mrs. Weltha Emmons, who was a married woman at the time of her decease. The court of equity appointed a receiver in aid of the administration, and for the purpose of the temporary protection of the property, by reason of the title to certain portions thereof being in dispute as to whether it was the property of the decedent or of strangers, and also by reason of the imperfection of the testamentary law in not. providing the necessary instrumentalities for the custody and vindication of the title of such property pendente lite.
*57 The receiver having been appointed, the respondent in that case appealed to this court. We are of opinion, according to the settled practice of the court, that the receivership, under the circumstances, is a mere interlocutory proceeding, not affecting or prejudicing the rights of any party; nor interfering with or invading in any manner the jurisdiction of the Orphan’s Court, and, therefore, in no sense an appealable order. For this reason, without going at large into that branch of the case, the appeal is dismissed.
The other case is an appeal from the orders of the Orphans’ Court granting issues, for the purpose of determining the validity of the will of Mrs. Emmons. Three issues were ordered by the justice holding the Orphans’ Court, and two issues, which were tendered on behalf of the contestants of the will were rejected. The justice also, having granted certain issues and rejected the others, added an order directing which party should stand as plaintiff on the trial of the issues in the Circuit Court and which as defendant. From those orders appeal was taken.
Against the issues which were granted there is no.objection. The appeal is as to the issues which were rejected, and as to the order assigning the manner in which the cause should be conducted at the circuit.
The two issues which were rejected were, whether the paper offered for probate was made with the assent of the husband; and, whether the said decedent died possessed of any property as to which said will could be operative.
We think that the justice was entirely correct in the rejection of both of those offered issues, for the reason that under the Statutes of this District a married woman has the power to make a will. What the will may operate upon is a distinct thing from the testamentary power which is granted to her. • There are certain exceptions as to her capacity to dispose of property by the will; that is to say, there are certain kinds of property which she cannot dispose of,'but the general testamentary capacity is conferred *58 upon her by the statute. That capacity having been conferred, it is not the function of the Orphans’ Court to determine what property shall pass or shall not pass under the will. It was, therefore, entirely inappropriate, and the court so found, to ascertain whether the will w'as made with the assent of the husband or not, and equally inappropriate to determine whether the decedent died possessed of any property upon which the will should operate. The function of the Orphans’ Court is simply to determine whether the deceased had a testamentary capacity, authorizing her to make a will. How far the will can operate is another question, and should not be mingled or confounded in the issues before the Circuit Court with the question of the fact of the will, or the intellectual capacity to make a will, or the formalities in the execution of.the will.
There was a good deal of argument that unless the issue •whether-the will was made with the assent of the husband was passed upon, the husband would be precluded after-wards from objecting to any property passing under that will; but that argument was founded upon authority which belongs to institutions that do not exist here. It is an exceedingly common occurrence, which has been commented upon very admirably by the Supreme Court of the United States, in Townsend vs. Jemison, 9 Howard, at page 415, that parties in citing cases under institutions different from those where the questions are raised, are led into error, because there is no connection between such institutions, and ,the decisions are under quite a different system of law. So it is here with regard to this particular issue. Those decisions are perfectly correct in States where the wife has only capacity to make a will by the consent of her husband, as was the case at common law. There, if the husband ■suffer, the will to go to probate, the presumption wras, that he had assented to the will, and the asseht.of the husband gave vitality and force to such a will of personal property. But with us, the wife having testamentary capacity, where *59 her will is offered for probate, the fact that he does not object to the will and show that he did not consent to it does not in any sense of the term operate by way of estoppel against him so as to preclude him from raising in the proper tribunal the question as to what property passed under her testament. She having a legal faculty to pass property of some sort or other by the statute, it is never the function of the Probate Court in determining her capacity to make a will, to inquire what property that will is to operate upon.
If any authority is needed for that proposition, and in support of the ruling of the court below upon that point; it is found in the case of Schull vs. Murray, 32 Maryland, 16, ■where the court say that the capacity to make a will without the consent of the husband being thus conferred upon .a feme covert, a will executed by her, professing to dispose of her property must be admitted to probate in the same manner as that of any other person capable in law of making a will; and the jurisdiction of the Orphan’s Court is limited to the inquiries which relate to the probate alone, as in other like cases, such as testamentary capacity, fraud', undue influence, and the due execution of the instrument. When the probate is granted, and not before, the authority to determine what passes under the will is devolved upon the courts of law and equity, tribunals which are clothed with ample jurisdiction to decide that question.
That disposes of both the rejected issues.
The remaining objection is to the order of the Orphan’s Court assigning who should stand upon the record as plaintiff and who as defendant. We think the Orphan’s Court was in error in passing that order, because it belongs entirely to the Circuit Court, where the issues are to be tried, to determine who shall be plaintiff and who shall be defendant on the record. It is the uniform practice in the State of Maryland, from which we derive our probate system, in a trial of issues from the Orphan’s Court before the Circuit *60 Court, to make the caveator plaintiff on the record and the caveatee the defendant. That is the act. of the Circuit Court, not the act of the Orphan’s Court. A case in which the question was determined definitively and set at rest by the Court of Appeals of Maryland, was the case of Stocks-dale vs. Cullinson, 35 Maryland, 322, where the court said that it was the uniform practice in the State of Maryland to make the caveator the plaintiff and the caveatee the defendant, no matter what the issue was. This is in entire analogy to the practice, of the courts of law in the trial of issues. It does not make any difference who has the affirmative of any issue in- a court of law as to the privilege of opening and closing before the jury. A familiar instance is where there is a plea in confession and avoidance. Now, although the defendant has the affirmative upon himself to sustain his plea of confession and, avoidance, nevertheless the plaintiff opens and closes the case before the jury. We must not confound the opening and concluding before the jury with the opening and concluding in assuming and discharging the burden of proof before the court and jury. The plaintiff, where there is a plea in confession and avoidance, simply opens his case by stating it before the jury, and then the defendant brings in his affirmative proof, and the burden is upon him all the way, in such a case, to maintain his plea. Nevertheless, though the burden be upon him throughout, so far as the proof is concerned, the privilege remains with the counsel for the plaintiff to open and conclude the argument before the jury, and so with regard to the case of caveator and caveatee.
In this jurisdiction, while it has not been definitively settled that the caveator shall in all cases open and conclude before the jury, yet it has been settled that it is for the Circuit Court, and not for the Orphans’ Court, to determine that question, it being beyond the jurisdiction of the Orphans’ Court and within the province of the Circuit Court to regulate its own methods of trial.
*61 This court has also gone further, and said that while it would not lay down the rules' as absolute in all cases, yet as a general rule it was the proper mode of procedure for the caveator to open and close to the jury, and they would not undertake to define the rule more exactly until the question arose properly for their decision.
The ruling of the Orphans’ Court, therefore, so far as that matter is concerned, will be reversed, and in all other respects sustained, and the cause remanded-, that the issues may be sent up with that correction, leaving the attitude of the parties before the court and jury upon the trial to be determined by the Circuit Court itself.
Decree reversed in part and affirmed in part, with an allowance of his costs to the appellant.