## WILLIAM LEGORE *vs.* THE STATE OF MARYLAND.

*Assault with Intent to Rape—Admissibility of Evidence—Recalling Witness.*

Appeal from the Circuit Court for Carroll County (JONES and REVELL, JJ.) *Reversed.*

The appellant was indicted and convicted in the Circuit Court for Carroll County for an assault with intent to rape a certain woman and also for a common assault upon her. At the trial the prosecutrix testified that upon one occasion the prisoner had made an indecent proposal to her and that upon a subsequent occasion he had attempted to assault her, and that she did not tell anyone how he had acted upon either of these occasions. The State's Attorney then asked her : "Why did you not tell anyone what Legore had done?" The trial Court overruled the appellant's objection to this question and allowed it to be answered, and the prisoner excepted. The Court said : " It is obvious that the question applies as well to the assault as to the prior indecent proposal. Its scope is to inquire of the witness not only

why she had not told anyone of the assault, but also why she had been silent as to the indecent proposal. If the evidence of such proposal, as and at the time it was offered, was not proper proof to go to the jury in support of the charge laid in the indictment, it certainly requires no argument to show that the fact of her having told it or not, or the reason why she had or had not told it, ought not to have been permitted to be shown. On what principle was it competent for the State, at that stage of the trial, to show a prior indecent proposal? The rule that in certain cases similar prior acts of the prisoner may be shown is founded upon the idea that such acts tend to throw light on the intent of the prisoner. The assault charged in the indictment being proven, the fact that the prisoner has made similar attempts, explains or tends to explain the purpose and intent with which the assault for which he is being tried was committed. But an indecent proposal is not an assault and can furnish no evidence of a purpose to accomplish an object by force. We have been referred to no case and know of none, where the rule allowing prior attempts to be shown, has ever been extended so far. The evidence of the prior proposal, we are of opinion, was foreign to the subject of inquiry, and if this be so the question should not have been allowed.

" The second and third exceptions present the same question. The alleged assault, the evidence shows, was committed on the morning of Friday, the thirteenth day of August. The posecutrix testified she told no one about it, until in the evening or night of the same day, when her husband came home and she told him. Both exceptions raise the objection that it was not proper to show that she then made a complaint to him of the prisoner's conduct towards her. The witness did not undertake to narrate what she told her husband, all that she or her husband testified to was that on his return to his home, she complained to him of the prisoner's assault on her. It is not questioned that if the complaint had been made "immediately or recently after the act if opportunity afforded," the evidence would have been properly admitted, but it is contended that

it was made too late and after opportunity to make the complaint to others. Ordinarily the unsworn statements of a witness cannot be admitted to corroborate what he has testified to on oath. But in cases of rape there is an exception, founded on the principle that when an outrage has been committed on a woman, the instincts of her nature prompt her to make her wrongs known and to seek sympathy and assistance. Her complaints made while the injury was recent may therefore be proved, but the details and circumstances of the transaction cannot be proved on examination in chief by her declarations. *Parker* v. *State,* 67 Md. 331. If, however, the complaint be not made immediately after the occurrence, it is competent to explain the delay by showing that it was prevented by circumstances consistent with the instincts of her nature prompting her to make it known. In *Higgins* v. *People,* 58 N. Y. 357, the Court by CHURCH, C. J., said : " Any considerable delay on the part of a prosecutrix to make complaint of the outrage constituting the crime of rape, is a circumstance of more or less weight, depending upon surrounding circumstances. There may be many reasons why a failure to make immediate or instant outcry should not discredit the witness. A want of suitable opportunity, or fear, may sometimes excuse or justify a delay. There can be no iron rule on the subject. The law expects and requires that it should be prompt ; but there is, and can be, no particular time specified. The rule is founded upon the laws of human nature, which induces a female thus outraged to complain at the first opportunity. Such is the natural impulse of an honest female." , Such being the law, we cannot hold that this evidence should not have gone to the jury. The prosecutrix lived in the country, with no one about her but her children. The only neighbors of which we have knowledge were the family of the prisoner. It is not shown that anyone was within hearing distance when the scuffle took place, or that anyone met her during the day. Even if there were persons to whom she could have complained, if they were strangers, or those in whom, for reasons of delicacy or propriety she could not confide,

it is not difficult to understand why she may have not improperly chosen to reserve the disclosure for her husband's ears when he should return to her in the evening. Under these circumstances it would be without reason to exclude the evidence from the jury as matter of law.

" The State having rested, the prisoner was sworn as a witness, examined, cross-examined and dismissed from the stand. He was afterwards recalled by permission of the Court 'to be asked a particular question alleged to have been neglected to be asked him, and having answered it,' his counsel was proceeding to examine him further, but was prevented from so doing, whereupon the prisoner excepted. Whether a witness who has been examined and dismissed shall be recalled, is a matter entirely in the discretion of the trial Court and from the exercise of such discretion no appeal will lie    Green v. Ford, 35 Md. 88 ; Waters v. Waters, 35 Md. 531 ; Swartze v. Yearly, 31 Md. 276. The witness was permitted by the Court to be recalled for a particular purpose and that having been met, the counsel proposed to proceed with the examination without further extension of the leave of the Court. There can be no ground of complaint, if under these circumstances the Court refuses to allow the witness to be further examined. And if there was, no appeal would lie.

Opinion by PAGE, J., filed June 29th, 1898. Recorded in Liber J. F. F. and A. R. No. 1, folio 83 of " Opinions Unreported."

Submitted on briefs by D. N. Henning for the appellant, and Harry M. Clabaugh, Attorney-General, for the appellee.