## WOOD *v.* STATE
[No. 121, October Term, 1948.]

644

646

*Decided March 31, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Walter L. Green* and *Edward C. Bell, Jr.,* with whom were *Green, Whalin, Babcock & Bell* on the brief, for the appellant.

*Harrison L. Winter, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *A. Gwynn Bowie, State's Attorney for Prince George's County,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

John William Wood has appealed here from a judgment entered in the Circuit Court for Prince George's County upon the verdict of a jury convicting him of the statutory crime of carrying a concealed weapon. Code 1939, art. 27, sec. 40. The trial judge, after overruling a motion for a new trial, sentenced him to the Maryland House of Correction for a term of twelve months.

On July 24, 1948, about 10:30 p. m., appellant, a 27-year-old resident of Bowie, and a friend named Dorothy Thomas, while sitting on the back seat of an automobile parked in front of the home of Norman Foote in Bowie, were attacked by Robert Parker, who struck at them with a knife through the open window of the car. Parker

testified that someone in the car shot him in the chest, but on account of darkness, he did not see who fired the shot, but it seemed to him that it came from the back seat. Later he testified without qualification: "I was shot by some one in the back seat of the car."

Dorothy Thomas testified that she and appellant had been at a crab feast in Foote's home, and they had just entered the back seat of the car, which was owned by Bernard Chittam, who had offered to drive them home, and that Chittam and two other men were on the front seat. She further testified that Parker was "cutting in the car with a knife," and after she screamed, a shot was fired at Parker. She claimed that she did not know who fired the shot. She stated that she neither had nor saw any weapon that night, and that appellant did not have anything in his hands when he entered the car.

On August 2 appellant was arrested by Officer Richard A. Pearson, of the Prince George's County police force, to whom appellant made a confession at the police station in Hyattsville. Appellant gave a detailed account of the occurrence. He indicated that during the crab feast his girl friend showed disapproval of Parker's attentions. He then told of the shooting as follows: "I stayed about another hour and then Bernard Chittam came and told me he would take me home. We got in Bernard's car, but he couldn't get the car in reverse. While he was trying to start the car, Parker came around to the side of the car and reached inside the car and started cutting at me with the knife. I was jumping around in the car trying to keep from getting cut, and got the gun and fired. Parker ran after I fired one shot, and I got out of the car and walked around the house and went into Washington, where I stayed until August 1, when I returned to Bowie." He then specifically confessed that he had a .38-caliber revolver in his right-hand pocket when he was in Foote's home and also when he was on the street. The confession was typewritten and thereupon was signed by appellant in the presence of the officer and two other witnesses.

Counsel for the defense objected to the admission of the confession for two reasons, and asked the Court: "Shall we state our reasons at the bench or from here?" The judge replied: "You can state them where you are." After the arguments were heard, the judge overruled the objections, and the confession was read to the jury. It is unquestionably the best practice to hear evidence on the preliminary question whether a confession was freely and voluntarily made out of the presence of the jury. But we have held that where a confession is properly admitted in evidence by the court, no prejudice is done to the accused because testimony on the preliminary question whether the confession was freely and voluntarily made was taken in the presence of the jury. *Smith v. State,* 189 Md. 596, 56 A. 2d. 818. At the trial in the Court below no request was made that the arguments be made out of the presence of the jury. Nor was any objection made to arguments in the jury's presence. We hold that no prejudice resulted from the arguments on the admissibility of the confession in the presence of the jury, as the confession was subsequently admitted in evidence.

Appellant also contended that the trial judge, while explaining his ruling on the admissibility of the confession, made the comment in the presence of the jury that Parker was shot by an occupant of the back seat of the car. The record, however, does not show that he made such a statement. What he said was: "There is also evidence that the occupants in the back of the automobile were two people, Wood and Dorothy Thomas, and evidence tending to show—it may or may not be correct—that Parker was shot by someone from the back seat." As the judge summarized the testimony correctly, we find no reversible error in his statement.

One reason advanced by appellant against the admission of his confession was that there was no evidence that it was read by or to him. However, the confession recites that he was asked if he could read and write, and he answered that he could; and also that he was asked

if he would sign the statement if it were true, and he again answered in the affirmative. Moreover, he did not deny the authenticity of the confession. He made no effort to show that the statement was incorrect in any respect or that he did not understand it after it was typed. Of course, the burden of proof is upon the State to show that a confession was freely and voluntarily made and was not obtained by improper inducements. *Lubinski v. State,* 180 Md. 1, 5, 22 A. 2d 455; *Peters v. State,* 187 Md. 7, 14, 48 A. 2d 586. But in this case there was no contradiction whatever of the policeman's statement that he informed appellant that he did not have to make a statement if he did not wish, but that his statement had to be made freely and without any expectation of receiving any reward for giving it.

The principal reason advanced by appellant against the admission of his confession was that the testimony of Parker and Dorothy Thomas, the only eyewitnesses of the fight who testified at the trial, to the effect that a revolver was shot by somebody in the automobile was insufficient to prove the *corpus delicti.* He argued that the eyewitnesses did not testify positively that he carried a concealed weapon. He urged that, even if he had fired the shot, the revolver might have been lying unconcealed on the seat or floor of the automobile. There is no question that an extra judicial confession of guilt by a person accused of crime, uncorroborated by any other evidence, is not sufficient to warrant a conviction. *Weller v. State,* 150 Md. 278, 132 A. 624; *Markley v. State,* 173 Md. 309, 196 A. 95; *Jones v. State,* 188 Md. 263, 52 A. 2d 484. The law requires that a jury be convinced beyond a reasonable doubt of the defendant's guilt, and generally an uncorroborated confession does not as matter of law establish the commission of crime beyond a reasonable doubt. The purpose of the rule requiring corroboration of confessions is to protect the administration of the criminal laws against errors of convictions based upon untrue confessions alone. *Warszower v. United States,* 312 U. S. 342, 61 S. Ct. 603, 85 L. Ed. 876. The courts,

in recalling cases in which false confessions have been made through duress or psychopathic aberration, have considered the danger of accepting a confession of an accused person without any evidence other than the confession that the crime in question has been committed. The character of the evidence to prove the *corpus delicti,* and its sufficiency for that purpose, depend largely upon the circumstances of each particular case. It may be stated as a general proposition that it is essential in all criminal prosecutions to prove the element that constitutes the crime. Thus, in prosecutions for carrying a concealed weapon, it is essential to prove that someone carried a dangerous or deadly weapon "concealed upon or about his person". Code 1939, art. 27, sec. 40; *State v. Hale,* 70 Mo. App. 143.

However, the *corpus delicti* may be proved by circumstantial evidence when direct evidence is not available. *Jones v. State,* 188 Md. 263, 52 A. 2d 484. It is also not necessary that the evidence independent of the confession must be full and positive. *Forte v. United States,* 68 App. D. C. 111, 94 F. 2d 236, 127 A. L. R. 1120. In addition, the evidence necessary to corroborate a confession need not establish the *corpus delicti* beyond a reasonable doubt. It is sufficient if, when considered in connection with the confession, it satisfies the jury beyond a reasonable doubt that the crime was committed and that the defendant committed it. As Judge Learned Hand said in *Daeche v. United States,* 2 Cir., 250 F. 566, 571, circumstances corroborating a confession need not independently establish the truth of the *corpus delicti* at all, either beyond a reasonable doubt or by a preponderance of proof, but any such circumstances will serve which in the judge's opinion go to fortify the truth of the confession. *United States v. Kertess,* 2 Cir., 139 F. 2d 923, 929.

In the case at bar it is uncontradicted that a shot was fired from the automobile, and that appellant was in the automobile when the shot was fired. While his companion swore that she did not know who fired the shot,

Parker testified that it seemed to him that the shot was fired by someone on the back seat, and later testified positively that it was fired from the back seat. The only persons on the back seat were appellant and his companion, and the latter swore that she had no weapon of any kind that night. We are not impressed by appellant's suggestion that, even if he had fired the shot, the revolver could have been lying on the seat or floor of the automobile and hence was not a "concealed weapon." Even if the revolver was unconcealed at the time of the fight, his companion testified that he had no weapon in his hands when he entered the automobile. For these reasons we hold that the testimony of the eyewitnesses was sufficient corroboration to warrant the judge in admitting the confession.

Appellant's last objection was that certain statements made by the State's Attorney in his argument to the jury were improper and prejudicial. It appears that during the course of his argument the State's Attorney said: "It is the policy of the Courts, it is the policy of the State's Attorney, to stop the carrying of guns. I will send every one to jail that carries a gun." After the Court overruled objection to this statement, the State's Attorney remarked: "If I said anything improper, I apologize. It is not my purpose to stand here and inflame the jury. That is not my policy." He plainly stated that the only issue in the case was whether Wood had a concealed weapon on the night in question. He said, however, of the accused: "He was at one of these joints where they carry guns." Objection was again made and overruled. Then the State's Attorney continued: "It happens that during the course of the evening, as happens so often at these joints, at or around them, somebody got hurt, because somebody came there with a gun. That is what I am trying to break up. * * * As God gives me strength, I will break it up." Counsel objected the third time, and the judge admonished him: "The Court now directs you to desist from interrupting the State's Attorney's argument, Mr. Green. You have done it three times, and

the Court will not countenance it any more". Thereupon the State's Attorney asserted: "Yes, I repeat, I am trying to break it up. As long as I am State's Attorney, I am going to try to break it up. * * * Don't convict him if you don't think he is guilty; but if you think he is guilty, if you believe that he had that gun, then convict him."

It is quite true that appeals to class prejudice or to passion are improper and may so poison the minds of jurors that an accused may be deprived of a fair trial. However, unless it appears that the jury were actually misled or were likely to have been misled or influenced to the prejudice of the accused by the remarks of the State's Attorney, this Court will not be justified in reversing a judgment of conviction solely because of intemperate remarks made in the ardor of advocacy. *Glickman v. State*, 190 Md. 516, 60 A. 2d 216. In the instant case we do not find sufficient ground to take such action. The State's Attorney asserted that he was willing to apologize if his remarks exceeded the bounds of propriety, and that it was not his desire to inflame the jury. He also distinctly stated that, while he hoped to break up the practice of carrying deadly weapons in Prince George's County, the only issue before the jury in this particular case was whether the one man under indictment was guilty of carrying the concealed weapon on the night in question. Where, as here, the record convinces us that the statements were unimportant in the course of a tense trial, and not an evidence of a proceeding dominated by prejudice and passion, reversal would not promote the ends of justice.

It was also contended that error was committed by the trial judge in refusing to permit the attorney for the defense to refer in his argument before the jury to the number of uncalled State's witnesses whose names appeared on the indictment. We think this was error, but since the jury had the indictment and could see for themselves what witnesses were not called, we cannot find that

such error is sufficient to warrant a reversal of the judgment.

As we have found no reversible error in any of the rulings of the trial judge, the judgment of conviction must be affirmed.

*Judgment affirmed, with costs.*

HENDERSON and MARKELL, JJ., dissent on the ground that the action of the court in directing the jury to disregard legitimate argument by appellant, directing appellant's counsel to desist from interrupting improper arguments by the State's Attorney and not directing the jury to disregard, or the State's Attorney to desist from, such arguments, constitutes prejudicial and reversible error.