## BANKS v. STATE

[No. 192, September Term, 1961.]

*Decided March 19, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Morris Lee Kaplan,* with whom were *Nathan Stern* and
*Frank McCourt* on the brief, for the appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, Saul A. Harris,
State's Attorney for Baltimore City,* and *George J. Helinski,
Assistant State's Attorney,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant, Banks, contends that his conviction as a third
offender against the narcotics laws by the court sitting with-
out a jury was erroneous because narcotics and narcotics para-
phernalia admitted into evidence against him had been seized
in an illegal search, and because the evidence was insufficient
to sustain the verdict.

A sergeant of police testified that as he was preparing to
rap on the front door of a house on North Broadway in Balti-
more, he observed Banks looking through the glass panel of
the door. Banks turned away and the police "were subse-
quently admitted by an elderly man." Banks, who was sitting
in an armchair in the front room when the police came in,
was arrested and searched, as were some six other adults then
in the house. They were then all conducted to the third floor
where a search turned up some sixty-three capsules of heroin
and narcotics paraphernalia, such as syringes. Those arrested
were taken back to the first floor, and a search of the chair
in which Banks had been sitting revealed thirteen capsules
containing heroin.

Appellant says that under the recent case of *Mapp v. Ohio,* 367 U. S. 643, 6 L. ed. 2d 1081, the narcotics and narcotics paraphernalia found in the house were illegally seized and inadmissible as evidence. It would appear that the entry of the police and their search were permissive or at the least, unobjected to, but—assuming the contrary—the record makes it crystal clear that no point was made at the trial that Banks' arrest or the searches and seizures were illegal, and no objection was taken to the introduction into evidence of the articles seized on the ground of illegal arrest or unwarranted or unconstitutional seizure. These points, which are now sought to be raised for the first time, cannot be relied on in this Court when they were not raised below. *Shorey v. State,* 227 Md. 385, 389. "The cases are legion holding that during a trial counsel may waive review by failure to object to evidence * * *." *Bicknell v. State,* 222 Md. 416, 418.

We find the evidence sufficient to have sustained the verdict. An accomplice of Banks testified that Banks, another person and he went to Washington where they bought approximately a hundred capsules of heroin, which they brought back to the Broadway house and divided between the three of them on the bed in a third floor room. Banks and the witness each took twenty-five capsules and the other man took fifty.

The mistress of the house, who was not an accomplice, gave corroborative testimony. She said she saw the three men come in her house on the day of the raid and that they had "white caps." She said further that she had seen the capsules when the men laid them on her bed and that "all of them had them," that they were splitting them up and she thought Banks got twenty-five of them.

The police sergeant testified without objection that from under the cushion of the chair he took a chewing gum wrapper containing thirteen capsules and that, upon analysis later, they were found to contain heroin. (Banks' counsel stipulated at the end of the State's case that all the capsules seized by the police contained heroin.) The capsules were then offered as "State's Exhibit Number 1" and no objection was made. Soon after, an envelope containing two burnt bottle caps which were found in the third floor room, came in without objection.

There was then offered an envelope containing nine capsules found in the same room. At this point Banks' lawyer said, "I am going to object at the end to all the exhibits." The envelope was then numbered. Thereafter, two other envelopes containing capsules, one holding four capsules which had been taken from the mistress of the house and the other fifty capsules which were found in the third floor room, were offered and marked, as was an envelope containing an eye dropper, a hyperdermic needle and a bottle cap. Banks' lawyer then said he objected to each of the State's exhibits "as not being the property of or under the control or custody of the defendant at any time." The court said: "Suppose we just admit them for identification at the moment. * * * In other words, I will reserve the final ruling until later in the case," to which counsel replied, "All right."

No motion was later made as to the exhibits and the record does not show or indicate that any ruling ever was made. Banks was found not guilty of possession of narcotics paraphernalia, and whether they were or were not in evidence is now immaterial. He was found guilty of possessing narcotics and of being in control of narcotics. Ordinarily, since Banks did not object to the introduction of the thirteen capsules found in his chair until sometime after they were admitted into evidence, his subsequent objection on motion to strike would come too late and the evidence would remain in. *Martin v. State,* 203 Md. 66, 72-73.

However, the trial court seemed to treat all the exhibits as having been admitted for identification only. Whether they are considered to be in evidence or as never having been admitted makes no difference in the result, we think. If the capsules, or any of them, be dealt with on the basis of their having been admitted in evidence or as having entered into the consideration of the judge in determining innocence or guilt, we think there was no error. The objection to the capsules being considered by the court was that Banks had not been shown to have been connected with them.

"We have held consistently that a probability of connection of proffered evidence with the crime is enough to make it admissible, its weight being for the trier of fact to evaluate."

*Davis v. State,* 225 Md. 45, 47, and cases therein cited. Certainly a probability of connection was strongly suggested in the instant case.

If the case be considered on the premise the capsules were not taken into account by the trial court, there was sufficient evidence that Banks had had possession and control of at least twenty-five capsules of heroin on the day of the arrest, and thus had violated the applicable statutes. The mistress of the house in which Banks was arrested gave a statement to the police. In it she said, in substance, what she testified to, as well as that Banks had given one of his companions in the venture four of his capsules (after the division) and when the police came, the man threw them on the floor and she picked them up, and had them when the police took them from her. The police testified that when the woman told the story which comprised her statement in Banks' presence, they asked him, "What do you have to say about that?" and he replied, "She is telling you the story of what happened, what can I say?" He made the same reply to the same question when the accomplice told the police in Banks' presence the facts he testified to on the stand.

These admissions of guilt, taken with the testimony of the accomplice and that of the lady of the house, clearly permitted the trier of fact to find Banks guilty. It is well settled that the *corpus delicti* may be proved by circumstantial evidence. *Jones v. State,* 188 Md. 263; *Davis v. State,* 202 Md. 463; *Bollinger v. State,* 208 Md. 298; *Cooper v. State,* 220 Md. 183, 191; *Pierce v. State,* 227 Md. 221, 226. If there is substantial evidence of the *corpus delicti,* independent of a confession or a statement in the nature of a confession, and the two together are convincing beyond a reasonable doubt, it is sufficient, as the cases just above cited hold.

The trier of fact properly could have been so convinced in the case before us whether or not the capsules were in evidence.

*Judgment affirmed.*