## ABE v. STATE

[No. 151, September Term, 1962.]

440

*Decided January 23, 1963.*

Submitted on the brief to HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted by *Harold E. Naughton* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Joseph S. Kaufman, Deputy Attorney General,* and *James S. Getty, State's Attorney for Allegany County,* for appellee.

PER CURIAM.

This appeal is from a judgment of the court, without a jury, entered upon a verdict of guilty in a trial for manslaughter by automobile, under Code (1957), Art. 27, sec. 388. The sole contention is that there was no evidence produced to show that the accused was operating his automobile in such a manner as to amount to "a wanton or reckless disregard for human life", the test laid down in the cases construing the statutory phrase "in a grossly negligent manner". See *Duren v. State,* 203 Md. 584, 588, *Clay v. State,* 211 Md. 577, 584, *Lilly v. State,* 212 Md. 436, 442 and *Johnson v. State,* 213 Md. 527, 531. Cf. *Pierce v. State,* 227 Md. 221, 226.

It is true that the cases cited indicate that, ordinarily, speed alone may not be a sufficiently negligent act to support an inference of criminal intent. But in the instant case there was testimony tending to show not only that the car operated by the accused was traveling at excessive speed but that the accused had been drinking to an extent likely to affect his driving judgment (six drinks, according to an admission made to an officer), and that he was proceeding prior to the accident in

the center lane of a three-lane highway, in violation of Code (1957), Art. 66½, secs. 221 & 223, when there was no occasion for him to do so. Indeed, the driver of the other car testified that the defendant was in the slow lane on his (wrong) side of the road. The point of impact, in the head-on collision that ensued, was established as within 3 feet from the edge of that lane. His car did not come to rest until it had traveled 250 feet from the point of impact. Under all the circumstances, we cannot say that the finding of the trial court was clearly erroneous under Maryland Rules 772 and 886 a.

*Judgment affirmed, with costs.*