## BRADBURY *v.* STATE

[No. 168, September Term, 1963.]

*Decided January 30, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Robert C. Heeney,* with whom were *Heeney & McAuliffe* on the brief, for appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy* and *William G. Clarke, State's Attorney,* and *Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The defendant, Sterling S. Bradbury, charged in a two count indictment with committing sodomy with and an assault and battery on a twelve-year old boy, was convicted by a jury on a general verdict of guilty and sentenced to ten years' imprisonment. On appeal he contends (i) that his motions for a judgment of acquittal should have been granted because the evidence was insufficient to convict him of the common law crime of sodomy and (ii) that the trial court erred in its advisory instructions to the jury.

Without reciting all of the sordid details of the offense, it will suffice to say that the boy testified that he felt the defendant's penis "trying to go in" his rectum and that "it was hard and I felt it wiggling around." Although he did not think "it went up me," he stated "it was hurting" and made him cry hard. It was agreed and stipulated by the State and the defendant that if the doctor, who had examined the boy about two hours after the commission of the offense, were called he

would have testified to the effect that he did not see any sign of strong physical abuse or find anything that would lead him to conclude there had been penetration. The county police officer testified that when the defendant was told the reason for his arrest, he admitted, among other things, that he had put "some vaseline on the boy's rectum and then placed his penis into the boy's rectum." The defendant, testifying in his own behalf, denied having sexual relations with the boy, but admitted that he was "pretty well" drunk at the time.

### (i)

Since the defendant was charged with sodomy and not unnatural or perverted sexual practice, the question here is whether there was sufficient evidence of penetration. We think there was. In *Canter v. State,* 224 Md. 483, 168 A. 2d 384 (1961), we had occasion to say that "[t]he text writers and authorities generally hold that at common law some proof of penetration is necessary to support a charge of sodomy although slight evidence may suffice." So, in the case at bar, even if some proof of penetration was necessary, we think there was sufficient evidence thereof to justify denial of the motions for a judgment of acquittal and submission of the case to the jury.

### (ii)

In its instructions, the trial court, among other things, advised the jury that:

> "A defendant in a criminal case cannot be convicted upon his extrajudicial confession alone. There must be corroboration. * * * If the confession is voluntary and you believe it is a valid confession, then you would need but slight evidence of corroboration. Slight evidence of corroboration has been defined as an infinitesimal amount of corroboration, a very small amount of corroboration. That is a very small amount of evidence in addition to the confession if the confession were believed."

Although this part of the instructions is not as clear as might be desired, we think the trial court, since it was speaking about the confession, in effect advised the jury that the defendant

could be convicted on his confession if it found, independent of it, "slight evidence" of his guilt which supported or substantiated the confession.

It is, of course, well settled that an extrajudicial confession of guilt by a person accused of crime, unsupported by other evidence, is not sufficient to warrant a conviction. *Bollinger v. State,* 208 Md. 298, 117 A. 2d 913 (1955). We have therefore consistently held that the extrajudicial confession must be supported by evidence, independent of the confession, which relates to and tends to establish the *corpus delicti, i.e.,* the facts that are necessary to show that a crime has been committed. *Weller v. State,* 150 Md. 278, 132 Atl. 624 (1926) ; *Pierce v. State,* 227 Md. 221, 175 A. 2d 743 (1961).

The defendant contends that the trial court erred in advising the jury that only "slight evidence of corroboration" was necessary, and, citing *Banks v. State,* 228 Md. 130, 179 A. 2d 126 (1962), argues that a confession must be corroborated by independent evidence which *substantially* establishes the *corpus delicti.* In the *Banks* case, where there was a considerable amount of substantiating evidence, we did say (in concluding the discussion with respect to proving the *corpus delicti* by circumstantial evidence) that "if there is substantial evidence of the *corpus delicti,* independent of a confession * * * and the two together are convincing * * * it is sufficient." It is clear, however, from a reading of the opinion that the quantum of proof needed to support a confession was not enlarged. The rules governing the substantiation of extrajudicial statements in this State—as set forth in such cases as *Wood v. State,* 192 Md. 643, 65 A. 2d 316 (1949) ; *Davis v. State,* 202 Md. 463, 97 A. 2d 303 (1953) ; *Hall v. State,* 213 Md. 369, 131 A. 2d 710 (1957) ; and *Cooper v. State,* 220 Md. 183, 152 A. 2d 120 (1959)—among other things, definitely recognize that the supporting or substantiating circumstances need not establish the *corpus delicti* beyond a reasonable doubt; that the *corpus delicti* may be proved by circumstantial evidence when direct evidence is not available; that proof of the *corpus delicti* need not be full and positive but may be established by the circumstances of each particular case; and that the supporting evidence is sufficient to establish the *corpus delicti* if, when considered in

connection with the confession or admission, it satisfies the trier of facts beyond a reasonable doubt that the offense charged was committed and that the accused committed it.

It is clear, therefore, that the independent evidence necessary to support the confession need not be "full and positive" proof of the *corpus delicti* and may be small in amount, if such proof, when considered with the confession, convinces the jury beyond a reasonable doubt of the guilt of the accused. *Pierce v. State, supra.* While the trial court should have advised the jury that the supporting evidence, independent of the confession, should relate to and establish the *corpus delicti,* it did not commit prejudicial error by stating that only "slight evidence of corroboration" was necessary, since, under the circumstances of this case, there was some proof of penetration and only slight evidence of that fact was sufficient to support the charge of sodomy irrespective of whether the accused confessed or admitted the charge.

With this holding it is not necessary to consider the contention of the State (in assuming *arguendo* that the trial court erred with respect to either or both of the questions presented by the defendant) that the error was harmless in view of the fact that the defendant was also convicted of assault and battery (which under the instructions merged with the charge of sodomy) on the general verdict of guilty.

We hold that the conviction of the defendant of sodomy was not improper.

*Judgment affirmed.*