## KEYES *v.* STATE

[No. 331, September Term, 1963.]

*Decided July 23, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*D. Franklin McGinnis* for appellant.

*Robert J. Martineau, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Edwin H. W. Harlan, Jr., State's Attorney for Harford County,* on the brief, for appellee.

KEATING, J., by special assignment delivered the opinion of the Court.

In this case a seventeen year old defendant appeals his conviction of the statutory misdemeanor (punishable by confinement in the penitentiary) of burning a barn. He was tried by the lower court without a jury, found guilty and sentenced to six years in the Maryland Institution for Men. He alleges five errors which we will consider seriatim.

First, he claims that a series of confessions, the first two oral and the third written, were involuntary. The record shows that the barn in question was burned about one o'clock a.m. on October 29, 1961; that after an initial investigation by the State Police and inspectors from the office of the State Fire Marshal, no natural or accidental cause of the fire could be found and, there having been a number of unexplained fires in the county, it was concluded by the police that arson was the cause. On November 14, 1961, the appellant (Harvey Edward Keyes, Jr.) was apprehended and taken in custody on a warrant charging him with being a juvenile delinquent, brought to the Benson Police Barracks and questioned by a state policeman, who advised him of his constitutional right not to make any statement, and no threats or inducements were made to him to procure the statement. He at first denied having set the barn on fire, but later did admit having thrown a match into the barn, and said that he enjoyed watching a fire or a flame, that it made him nervous and a good feeling came over him. Another officer was called in to hear what the appellant said and he repeated the statement, substantially, before the second officer, an arson investigator. He was later taken to another police barracks for a polygraph test and there made substantially the same statement. The next day he repeated substantially the same state-

ment to one of the same officers and a third officer and a secretary who typed it and it was signed by the appellant. He claims that it was involuntary for two reasons: one was that the first interrogator, after his repeated denials, told the appellant that his father had made a statement to the police that the appellant had set the fire, and the appellant, thinking that no one would believe him in the face of his own father's accusation, "just started talking to him." The contention is without merit. The trial court—after hearing the testimony of the officer (who denied making any such statement) and the appellant, they being the only persons present at the time of the alleged statement—found that it was not true. It was within the province of the trial court to make this determination and we cannot say that it was clearly erroneous in so doing. The second reason was that he was told that if he took a polygraph test it might help him. The officer could not remember telling the appellant this but assuming that he did, this was not an inducement to make a statement. The appellant admitted that no discussion about taking a polygraph test took place until after the first and second oral confessions, and the written confession which followed simply confirmed the verbal ones. Then too, a simple suggestion that a polygraph test might help one who had already confessed can hardly be said to induce the confession. As was said in *Abbott v. State,* 231 Md. 462, 465, 190 A. 2d 797: "Whether the confession was freely and voluntarily made necessarily depends on the facts and circumstances in each case. And whether the confession should be admitted as evidence is ordinarily a matter for the trial court to decide and its determination will not be disturbed on appeal unless there was a clear abuse of discretion." We see no abuse of discretion here.

The second ground of appeal is that there was no independent evidence to establish the *corpus delicti* and hence, even if the confessions were voluntary, they were not sufficient to support the finding of a verdict of guilty. While it is true that an accused cannot be convicted on his extra-judicial confession alone, the character of the evidence to prove the *corpus delicti,* and its sufficiency for that purpose, depend largely upon the circumstances of each particular case. *Wood v. State,* 192 Md. 643,

65 A. 2d 316, and *Davis v. State,* 202 Md. 463, 97 A. 2d 303. And the *corpus delicti* may be proved by circumstantial evidence. *Jones v. State,* 188 Md. 263, 52 A. 2d 484; *Pierce v. State,* 227 Md. 221, 175 A. 2d 743; *Banks v. State,* 228 Md. 130, 179 A. 2d 126. The evidence in the instant case showed that the appellant was in the vicinity of the fire at or about the time it started and was discovered; that, in the opinion of qualified arson investigators, who made a prompt examination of the ruins, no natural or accidental causes of the fire could be discovered and in their opinion it could be accounted for in no other way than by arson. In the case of *Bollinger v. State,* 208 Md. 298, 306, 117 A. 2d 913, Judge Collins, speaking for this Court, said: "Of course, proof of the *corpus delicti* in an arson case is usually a difficult matter, as the burning is almost invariably done in a most secretive manner. The prosecution usually has to depend on circumstantial evidence." He then quoted with approval *Ercoli v. United States,* 131 F. 2d 354: " 'It is sufficient if there is substantial evidence of the *corpus delicti* independent of the confession and the two together are convincing beyond a reasonable doubt.' " We are of the opinion that there was sufficient evidence of an unlawful burning of the barn which, when considered with the confession of the appellant, warranted the trial court in finding, beyond a reasonable doubt, that the appellant was guilty.

We next consider his complaint that the trial court erred in not granting his motion for dismissal on the ground that his constitutional right to a speedy trial was denied. The evidence showed that he was apprehended and taken into custody on a juvenile warrant, charging delinquency, on November 14, 1961. Shortly thereafter, upon being taken before the juvenile court, it waived jurisdiction and ordered him held for regular criminal procedure—Code (1957), Art. 26, § 54. He was at that time represented by counsel, who continued to represent him at his trial and upon this appeal. He was then given a preliminary hearing before a magistrate and held for action of the grand jury and bail was set for him. In December, 1961, after a mental examination by Spring Grove State Hospital, he was released on bail. Through some inadvertence in the office of the State's Attorney, his case was not presented to the

grand jury until November, 1962, when on November 9th he was indicted and on November 26th again released on bail pending trial. He was tried on March 4, 1963, having in early February, 1963, requested a postponement because of his counsel's temporary illness.

The appellant is not explicit as to whether his complaint relates to the period between December, 1961, and November, 1962, while he was at liberty on bail awaiting the action of the grand jury, or the period between November, 1962, and March 4, 1963, while he was at liberty on bail awaiting trial after indictment, or both. The answer with respect to the earlier period, as was said by Judge Henderson, speaking for this Court in *Reddick v. State*, 219 Md. 95, 148 A. 2d 384, where the complaint was the same, is that "until the Grand Jury acted there was no case to be tried." And during the second period, after indictment, he could have, at any time, asked for a prompt trial but did not do so, nor does the record show any prejudice to him by the delay. We have consistently held, since *Harris v. State*, 194 Md. 288, 71 A. 2d 36, that the right to a speedy trial is waived if no steps are taken by the accused to obtain trial prior to the time the case is eventually tried. See *State v. Murdock*, 235 Md. 116, 200 A. 2d 666; *Price v. State*, 235 Md. 295, 201 A. 2d 505. We conclude, therefore, that this assignment of error also fails.

The fourth ground for appeal is that the trial court erred in overruling the appellant's motion to disqualify the assistant State's Attorney for Harford County for participating in the prosecution of this case. Although no testimony on the point appears in the record, the remarks of counsel and of the court in colloquy regarding the motion make it appear that the assistant State's Attorney in question had, before his appointment as such, and at the time of the appellant's apprehension in November, 1961, held the position of juvenile master for the Circuit Court for Harford County under a local law (Chapter 303 of the Acts of 1957) and in accordance with the authority thereof and the court's specific authorization as therein provided, had waived juvenile court jurisdiction over the appellant. This colloquy further makes it clear, however, that as such juvenile court master he heard no facts whatever relating to the instant

case although certain facts regarding other cases were disclosed to him. We conclude, as did the trial court, that no prejudice could or did result to the appellant by the assistant State's Attorney participating in the trial.

We are aware of the possibility of prejudice that could result to a defendant should a public official, who might acquire knowledge from or about an accused person which he could not obtain except for his official position, later make use of such knowledge in the trial or prosecution of an accused, and we are further aware of the danger of officials, attorneys or judicial or quasi-judicial officers occupying two inconsistent positions with respect to any case, but we are not prepared to say that in this case the appellant was harmed. We think the better practice is for officers of the courts to disqualify themselves in cases where they may theretofore have acted in other capacities.

And now, lastly, we consider the appellant's final ground of complaint: that there was no legally sufficient evidence from which the court could find, beyond a reasonable doubt, that he was guilty. From what we have said above regarding the admissibility of the confession and the supporting evidence as to the *corpus delicti*, it is perfectly apparent that there was evidence which, if believed by the trier of facts, was sufficient upon which to find the appellant guilty beyond a reasonable doubt. We cannot say that said finding was clearly erroneous. The judgment will therefore be affirmed.

*Judgment affirmed.*