## JOHNSON *v.* STATE

[No. 49, September Term, 1964.]

*Decided March 15, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*John R. Hargrove* for appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney, for Baltimore City,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

Convicted in three capital cases by Judge Harris, sitting without a jury in the Criminal Court of Baltimore, and sentenced to death in each case, Ervin Lee Johnson appeals. He was found guilty of the first degree murder of seven year old Debbie Washington under indictment No. 3228, and of assault with intent to rape the same child under indictment No. 3229. These two cases were tried together. Immediately thereafter, on the same day, Johnson was tried under indictment No. 3751 and found guilty of the rape of Bertha McRoy.

The evidence introduced by the State in the Washington cases showed that Johnson, then thirty years of age, moved into the home of Mr. and Mrs. Leonard N. Washington in February, 1963, as their guest. Also living in the house, besides the

parents, were eight children, including Debbie, Mrs. Washington's father, and a boarder. Debbie was last seen alive by her father at about 2:30 P.M. on Saturday, May 25, 1963. At about 4:00 P.M. the parents became worried because of her absence and they, with Johnson, searched the neighborhood without result. She was then reported missing to the police. At about 4:30 P.M. on the next day, Sunday, a teen-age daughter of the Washingtons discovered in a closet in her bedroom the body of Debbie partially covered by a mattress. The police took everyone in the house, including Johnson, to police headquarters at about 5:45 P.M. for questioning and began to interrogate Johnson at 7 P.M. Sometime in the next hour Johnson consented to having his fingernails clipped and scraped by officers from the crime laboratory, and then began to make certain oral admissions to the police, which were reduced to writing from 8 to 9:09 P.M. and signed by him. In the statement he confessed that he had strangled and raped Debbie Washington and placed her body in the closet where it was found. An autopsy report showed the cause of death to be asphyxia due to strangulation and that the decedent had been the victim of rape or attempted rape.

In the case tried under indictment No. 3751 the State introduced evidence showing that Bertha McRoy, a sister-in-law of Mrs. Washington who lived two doors from the Washingtons, had been raped by Johnson in her bedroom after a party on the night of April 20, 1963. Mrs. McRoy testified that she recognized Johnson's voice when, as he was leaving her room, he threatened to cut her throat if she made any outcry. On May 27, 1963, Johnson was questioned in regard to the McRoy complaint, which had been made to the police earlier that day, after Debbie Washington's body was found. The interrogation began at 11:30 A.M., and after Johnson made incriminating admissions, a written statement was taken from 12:30 to 1:40 P.M. in which he confessed to having raped Mrs. McRoy. At the trials Johnson did not testify and produced no evidence.

In reference to the two Washington cases the appellant contends that the convictions were based entirely on the confession introduced in evidence, *i.e.,* that the confession was not "corroborated" and that therefore his motion for a judgment of acquittal was improperly denied because of the insufficiency of

the evidence. We find this contention to be without merit. To state that a confession must be "corroborated" is misleading. What we have consistently held is that an extrajudicial confession of guilt by a person accused of crime, unsupported by other evidence, is insufficient to warrant a conviction, but that if there is evidence, independent of the confession, which relates to and tends to establish the *corpus delicti,* the conviction is justified. *Bradbury v. State,* 233 Md. 421, 197 A. 2d 126 (1964), and cases cited; *Pierce v. State,* 227 Md. 221, 175 A. 2d 743 (1961), and cases cited. We said in *Bradbury* (at pp. 424-425 of 233 Md.),

> "* * * that proof of the *corpus delicti* need not be full and positive but may be established by the circumstances of each particular case; and that the supporting evidence is sufficient to establish the *corpus delicti* if, when considered in connection with the confession or admission, it satisfies the trier of facts beyond a reasonable doubt that the offense charged was committed and that the accused committed it."

The requirements were satisfied in the Washington cases. The trial court had before it, in addition to the confession, the autopsy report which was clear evidence that the crimes charged had been committed, the testimony of the father as to the circumstances surrounding the disappearance of the child, the testimony of the teen-age sister and of a police officer in regard to the circumstances of the discovery of the body, and the testimony of another police officer with respect to the taking of the appellant's statement. Therefore, as far as the appellant's first contention is concerned, the motion for a judgment of acquittal was properly denied.

The appellant next argues that the confession in the Washington cases was not voluntarily made, on the grounds that it was obtained four hours after his arrest, he was subjected to constant questioning without benefit of counsel, he was intimidated by the police by the clipping and scraping of his fingernails, and that "possibly" illegally seized evidence was used to obtain the confession. But the appellant did not object to the admission of the confession below on the ground that it was

involuntarily made and therefore this question is not properly before us. Maryland Rule 885.

It is further claimed that the confession in the Washington cases was improperly admitted because there was "reasonable doubt as to whether or not the * * * confession * * * was the true statement signed by the Defendant." This contention is based on the fact that in response to the defendant's request for pre-trial discovery, the State's Attorney sent defendant's counsel a typewritten copy of the confession which was not signed as a witness by the sergeant who had conducted the interrogation, although the original was so signed. It was shown at the trial that there were no differences in text between the original and the copy, as was conceded by defense counsel, and the original was sufficiently authenticated by the sergeant. Thus it was properly admitted in evidence.

A further contention relating to the Washington cases is that the appellant was prejudiced because the sergeant, when asked to produce the confession relating to the Washington cases, inadvertently handed to counsel the confession in the McRoy case, and the States' Attorney said "* * * I think you handed the wrong one. I think that is the Bertha McRoy case." The mistake was discovered immediately, the confession pertaining to the McRoy case was not handed to the judge, read, or offered in evidence, and the proper confession was produced instead. It had been stated at the beginning of the pending trial that the McRoy case was to be tried next, so we are at a loss to see any prejudice to the appellant in the slight reference to the McRoy case, especially since the case was being tried before an experienced judge, and there was no jury.

In regard to the McRoy case, the appellant contends that his motion for a judgment of acquittal was improperly denied because of the insufficiency of the evidence. As before, he argues that the confession introduced in the McRoy case was not "corroborated". Without repeating what we said above concerning the same argument in the Washington cases, it will suffice to say that the *corpus delicti* in the McRoy case was sufficiently proven by the prosecutrix's own testimony, if believed, as the trial judge said it was. The testimony of the prosecutrix in a rape case need not be corroborated. *Domneys v. State, 229*

Md. 388, 182 A. 2d 880 (1962); *Doyal v. State,* 226 Md. 31, 171 A. 2d 470 (1961). The prosecutrix's testimony and the confession were sufficient evidence to warrant a denial of the defendant's motion.

The appellant maintains that the confession was improperly admitted in evidence because it was involuntarily made. Unlike the situation in the Washington cases this contention was raised below. First the appellant argues that he was subjected to constant questioning without benefit of counsel. But this claim is without merit since there is no indication in the record that he was questioned for lengthy periods or that he ever requested counsel. *Anderson v. State,* 237 Md. 45, 205 A. 2d 281 (1964); *Green v. State,* 236 Md. 334, 203 A. 2d 870 (1964). Next he states that he was held incommunicado for two days before he was given a preliminary hearing. The evidence shows that Johnson was taken into custody on Sunday, May 26, gave a statement relating to the Washington cases on the same day, gave a statement relating to the McRoy case on the next day, and was given a preliminary hearing on Tuesday, May 28. There is no claim that he ever requested to see anyone or to make a telephone call. We do not believe there was any unreasonable delay in providing a preliminary hearing. Moreover, we have held that even a failure to hold a preliminary hearing does not bear on the voluntariness of a confession. *Mefford & Blackburn v. State,* 235 Md. 497, 201 A. 2d 824 (1964); *Green v. State, supra.* While the appellant urges here that he was intimidated by the fingernail clipping and scraping, he made no such claim below and the police testimony showed that he explicitly consented thereto.

Finally, with respect to the voluntariness of the confession in the McRoy case, the appellant contends that evidence which "might" have been seized illegally was used to obtain it. The evidence referred to was a small transistor radio which disappeared from the McRoy home on the night upon which Bertha McRoy was raped, and which a sister of Debbie Washington found in the appellant's room after Debbie's body was discovered and gave to the police. Thus the radio was not obtained as the result of any search, legal or illegal, by agents of the State. Moreover, the confession itself shows that the radio was

not exhibited by the police to the appellant until after he had completed a detailed narrative statement in which he admitted the rape of Mrs. McRoy and his theft of the radio. Hence, it is manifest that the radio did not induce the confession. Cf. *McChan v. State,* 238 Md. 149, 207 A. 2d 632 (1965), and *Fahy v. Connecticut,* 375 U. S. 85 (1963). Considering all of the circumstances pertaining to the making of the confession, we do not believe the lower court was in error in admitting it in evidence.

It is argued that the appellant was prejudiced by a reference by the State's Attorney to the previous trial in the Washington cases. The reference was in the form of the following question asked of a police officer testifying for the State: "* * * is it true as you testified in the preceding case that the defendant, Ervin Johnson, was interrogated by you and * * * [two other officers]?" Defense counsel objected and the question was not answered. The State's Attorney explained that he was merely attempting to show that no threats or violence occurred during the whole period of interrogation of the appellant. We see no prejudice. The same judge had tried the previous cases earlier that day and knew what the testimony was in that trial. As previously noted, he was an experienced judge sitting without a jury.

The appellant next maintains that the delay between the time of Mrs. McRoy's rape on April 20 and her complaint to the police on May 27 renders her testimony unworthy of belief. Mrs. McRoy explained the delay by stating that she had told her family about it on the day it occurred but they did not report it to the police, and that she told the officers about it after Debbie Washington's body was found and her radio was discovered in Johnson's room. In any event the matter of delay in making a complaint goes to the weight of the evidence and the credibility of the prosecuting witness, as does the contention of the appellant that Mrs. McRoy was drunk at the time of the rape. Such facts are primarily for the trial court's determination, not ours. *Anderson v. State, supra;* cf. *Green v. State,* 161 Md. 75, 82, 155 Atl. 164 (1931); *Legore v. State,* 87 Md. 735, 41 Atl. 60 (1898).

It is urged that the imposition of three death penalties

amounts to cruel and unusual punishment. This is without merit since the sentences were within the statutory limits. *Adair v. State,* 231 Md. 255, 189 A. 2d 618 (1963) ; *Duff v. State,* 229 Md. 126, 182 A. 2d 349 (1962).

The last major contention is that it was improper for the trial judge to hear the McRoy case after having heard the Washington cases and that he should have disqualified himself. This contention is not sustainable. There was no request for disqualification or for a jury trial and no affidavit filed for removal of the case. While the question may not be raised here for the first time, we see nothing improper in the judge's action below. The fundamental consideration is that the facts supported the verdict and the sentence was within the permissible limits.

Finally, the appellant's counsel submits several questions on behalf of the appellant. The contentions are in the form of a letter to appellant's counsel, reprinted in his brief. These contentions are: "the reading of my past criminal record in Court without my taking the witness stand" [this occurred in connection with sentencing, after conviction] ; "admission of my confession at my trial"; "illegally arrested; illegal search and seizure; illegal detention; police brutality; without counsel at preliminary hearing; without counsel at first arraignment; perjury of witness; denial of confronting accuser; inadequate ineffective representation of counsel." With reference to the claim that he did not have counsel at his preliminary hearing in Municipal Court, it is not alleged or shown that he entered any plea there, or that any plea or statement he may have made there was introduced at his trial in the Criminal Court, and thus the preliminary hearing was not such a critical stage of the proceedings as to require the presence of counsel. *Lauder v. State,* 233 Md. 142, 145, 195 A. 2d 610 (1963). As to alleged lack of counsel at his arraignment, the record shows that court appointed counsel entered pleas of not guilty on his behalf at the arraignment. With respect to the other contentions we point out that those which were properly raised below were discussed earlier and those which were not properly raised are not before us. Rule 885. In any event, they amount merely to bald statements without any citation of supporting facts.

*Judgments affirmed.*