## DAVID W. WHITMER *v.* STATE OF MARYLAND

[No. 95, Initial Term, 1967.]

128

*Decided March 31, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Joseph A. Kenary* for appellant.

*Carville Downes, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Leonard T. Kardy, State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by a jury, on May 3, 1966, of the offense of larceny of goods in excess of the value of $100, in the Circuit Court for Montgomery County, Judge James J. Pugh, presiding. He was sentenced to imprisonment for a term of ten years.

This appeal from that judgment and sentence raises two contentions:

1) The evidence was not sufficient as a matter of law to convict the appellant of larceny.

2) In the absence of supporting evidence that a confession was actually made, the court should not have denied the motion for judgment of acquittal.

I

On October 15, 1965, Mrs. Judith E. H. Dryfoos left her home for work about 7:45 a.m., and when she returned at 7:30 p.m., she noted the back door ajar. She found clothes thrown about and the guest room in general disorder. When Mr. William W. Dryfoos, her husband, arrived home about 9:00 p.m., it was discovered that a guitar and several other items were missing. The guitar was later recovered from a pawnshop in the District of Columbia. The police found latent prints on a handle of the door to the guest room and on a dresser drawer in that room. The prints were those of the appellant. The testimony and evidence with respect to them were entered in evidence without objection. On December 22, 1965, appellant was interrogated by the Montgomery County Police and made an oral confession. The record is not clear as to the circumstances of the arrest, but shows that at the time he was charged with housebreaking and larceny. The confession was admitted in evidence without objection and appellant did not contest that it was freely and voluntarily made. He stated that two or three months ago he entered a house through the back door which was unlocked, ransacked the bedrooms and took numerous articles, including a guitar. He did not know the street or house number but the house was surrounded by woods. (The Dryfoos house is surrounded by woods.) He placed the articles in an automobile in which he had driven up to the house with a companion, the name of whom he would not divulge, and the same day pawned the guitar in the District of Columbia. He did not give the exact time he entered the house, stating it was in the afternoon, probably about 1:00 p.m. Mr. Dryfoos thought the house had been entered "somewhere between four o'clock in the afternoon and seven o'clock in the evening" because a man working in the back pasture from noon to four o'clock "had occasion to go up to the water faucet on the side of the house; the door was

not open, the back door." Both Mr. and Mrs. Dryfoos testified they did not know appellant. Mrs. Dryfoos said neither she nor her husband had given anyone permission to take the articles from their home.

Appellant urges that the confession was not "trustworthy" because of the difference in the time the house was entered as stated in the confession and the time Mr. Dryfoos said it was entered, and because in the confession appellant stated he opened the back door but there was no evidence that his prints were found on the door knob. In the confession, appellant said he entered "in the afternoon." The police officer stated, "He felt probably about one p.m." These alleged discrepancies were both before the jury for consideration, and go only to the weight of the testimony and not to the admissibility of the confession.

Appellant's main contention is that there was no "actual corroboration" of the confession. It is misleading to state that a confession must be corroborated. The Court of Appeals said in *Johnson v. State*, 238 Md. 140, at page 144:

> "What we have consistently held is that an extrajudicial confession of guilt by a person accused of crime, unsupported by other evidence, is insufficient to warrant a conviction, but that if there is evidence, independent of the confession, which relates to and tends to establish the *corpus delicti*, the conviction is justified. *Bradbury v. State*, 233 Md. 421, 197 A. 2d 126 (1964), and cases cited; *Pierce v. State*, 227 Md. 221, 175 A. 2d 743 (1961), and cases cited. We said in *Bradbury* (at pp. 424-425 of 233 Md.),
>
> '* * * that proof of the *corpus delicti* need not be full and positive but may be established by the circumstances of each particular case; and that the supporting evidence is sufficient to establish the *corpus delicti* if, when considered in connection with the confession or admission, it satisfies the trier of facts beyond a reasonable doubt that the offense charged was committed and that the accused committed it.'"

The requirements were satisfied in this case. In addition to the

confession, the testimony of Mr. and Mrs. Dryfoos was clear evidence that the crime had been committed and that appellant was not given permission to be on the premises. The palm and thumb print found on the premises was conclusively shown to be that of the appellant, showing that he had been in the house. The facts set forth in the confession were not contradicted.

> "If we assume that circumstantial evidence, or all the evidence of any kind, must 'exclude to a moral certainty every other reasonable hypothesis than that of guilt', this assumption does not change the result in the instant case—and does not furnish any 'definite rule for the appraisal of circumstantial evidence'. In any case, civil or criminal, to meet the test of legal sufficiency, evidence (if believed) must either show directly, or support a rational inference of, the fact to be proved. In a civil case the fact must be shown, or the inference supported, by a preponderance of probability or an opposite preponderance must be overcome. In a criminal case the fact must be shown, or the inference supported, beyond a reasonable doubt or to a moral certainty, or a reasonable doubt of an opposite fact must be created. The difference in degree of proof is ordinarily for the triers of facts. * * *". *Edwards v. State,* 198 Md. 132 (1951), at page 157-158.

We find no error in the denial of the motion for a judgment of acquittal at the conclusion of the State's case. Nor do we feel that there was no legally sufficient evidence or inferences drawable therefrom on which the jury could find appellant guilty beyond a reasonable doubt. *Royal v. State,* 236 Md. 443 (1964).

## II

The second contention of appellant is unique. He does not contest that the confession was not voluntary, but urges that oral confessions should not be admissible in evidence. He argues that when a conviction depends on a confession by the accused, more should be required to establish it than the testimony of the police officer to whom it was made. He points out that a deed to convey real property must be signed, sealed, witnessed

and acknowledged and that when a person's liberty is at stake, there should be at least equal formalities required with respect to a confession. The short answer is that the point was not raised below and therefore need not be considered by us on appeal. Maryland Rule, 1085. In any event, appellant cites no authority to support this contention and there is ample authority that a confession need not be in writing to be admissible. *Bagley v. State,* 232 Md. 86 (1963); *Gault v. State,* 231 Md. 78 (1963); *Williams v. State,* 231 Md. 83 (1963); 2 *Wharton's Criminal Evidence,* (12th Ed.) section 361.

*Judgment affirmed.*