551 A.2d 943

**David Eugene CROUCH**

v.

**STATE of Maryland.**

**No. 660, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Jan. 12, 1989.

Certiorari Denied March 8, 1989.

768

John L. Calhoun, Towson, (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before MOYLAN, KARWACKI and ROSALYN B. BELL, JJ.

MOYLAN, Judge.

The appellant, David Eugene Crouch, was convicted by a Baltimore County jury, presided over by Judge James T. Smith, Jr., of first-degree felony-murder, armed robbery, and daytime housebreaking. Upon this appeal, he raises the single contention that his numerous confessions were inherently unreliable and that he should not have been convicted on his own uncorroborated statements.

The appellant misreads the law. The corroboration requirement as to a defendant's confession is very different from the corroboration requirement as to accomplice testimony. When a conviction is based upon the

testimony of an accomplice, there must be some independent corroboration establishing the defendant's criminal agency. When a conviction is based upon the testimony or statements of the defendant himself, on the other hand, there must be some independent corroboration of the *corpus delicti* of the crime itself. This, as we discussed in *Borza v. State*, 25 Md.App. 391, 403, 335 A.2d 142 (1975), is to prevent a mentally unstable person from confessing to and being convicted of a crime that never occurred. *See also Bollinger v. State*, 208 Md. 298, 117 A.2d 913 (1955); *Wood v. State*, 192 Md. 643, 65 A.2d 316 (1949).

In the case at bar, there was ample corroborative evidence of the *corpus delicti*. Mrs. Helen Weibe, 87 years of age, was found dead in her home at 4380 Hollins Ferry Road. The cause of death was established as having been "blunt head trauma" believed to have been inflicted by a flashlight, found bloodied on the premises.

The appellant's argument collapses because the only type of corroboration that the law requires was abundantly present. This very situation was discussed by us at length in *Lemons v. State*, 49 Md.App. 467, 473, 433 A.2d 1179 (1981):

"Given that an extrajudicial confession must be corroborated by independent evidence of the *corpus delicti*, it remains to be determined in what *quantity* the independent evidence will have to be adduced to sustain a conviction. As already alluded to, 'it is not necessary that the evidence independent of the confession be full and complete or that it establish the truth of the *corpus delicti* either beyond a reasonable doubt or by a preponderance of proof.' *Cooper v. State*, 220 Md. 183, 190, 152 A.2d 120 (1959); *see Wood, supra*. Indeed, in some cases, such evidence might be sufficient though 'small in amount.' *Bradbury v. State*, 233 Md. 421, 425, 197 A.2d 126 (1964). Ultimately, the necessary quantum of independent proof of *corpus delicti* is dependent upon the facts of the particular case, *Cooper, supra* [220 Md.] at 191 [152 A.2d 120], *Franklin [v. State]*, 8 Md.App. [134]

at 140 [258 A.2d 767 (1969)], and such evidence is said to be, 'sufficient if, *when considered in connection with the confession,* it satisfies the jury beyond a reasonable doubt that the offense was committed and that the defendant committed it.' *Jones v. State,* 188 Md. [263] at 271–272 [52 A.2d 484 (1947)] (emphasis added). More particularly, the Court in *Jones* went on to articulate the two elements of the *corpus delicti* of homicide to which the independent evidence must relate:

'In a homicide case the proof of the *corpus delicti* is sufficient if it establishes the fact that the person for whose death the prosecution was instituted is dead, and that the death occurred under circumstances which indicate that it was caused criminally by someone.' *Id.* at 272 [52 A.2d 484]."

(Emphasis in original).

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.